James A. Gleason v. Commissioner.
Gleason v. Commissioner
Docket No. 87520.
United States Tax Court
T.C. Memo 1961-344; 1961 Tax Ct. Memo LEXIS 3; 20 T.C.M. (CCH) 1799; T.C.M. (RIA) 61344; December 27, 1961
*3 James A. Gleason, pro se, 215 Euclid Ave., Cleveland, Ohio. Eugene S. Linett, Esq., for the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: The Commissioner determined deficiencies in the petitioner's income taxes for the years 1956 and 1957 in the amounts of $1,378.92 and $1,043.11, respectively. Some of the issues have been conceded by the petitioner. The sole remaining issues for decision are whether the petitioner has shown himself entitled to certain deductions for charitable contributions, medical expenses and certain business expenses for the years in question. Findings of Fact Some of the facts are stipulated and are found as stipulated. The Federal income tax returns of the petitioner, made jointly with his wife, Helen Gleason, for 1956 and made jointly with the Estate of Helen Gleason, deceased, for 1957, were filed with the district director of internal revenue, Cleveland, Ohio. No petition was filed on behalf of petitioner's wife or the estate of petitioner's wife. During the taxable years the petitioner was engaged in the practice of law and the businesses of selling insurance and real property. He was also an officer in the *4 United States Army Reserve and performed some duties in this status. His tax return for 1956 shows income from his law partnership of $12,159.16 and gross receipts from his individual practice and real estate and insurance businesses of $7,774.41. His 1957 return shows income from his law partnership of $8,412.48 and gross receipts from his individual practice and real estate and insurance businesses of $8,275.58. During 1956 and 1957 petitioner made a large number of expenditures in the nature of expenses of the businesses in which he was engaged. These expenditures included a substantial number of travel and entertainment expenses. He also had other deductions which included charitable contributions and medical expenses. The petitioner claimed, and the Commissioner disallowed portions thereof, certain deductions in the taxable years, as follows: 1956
1957
Amount
Amount
Amount
Amount
Claimed
Disallowed
Claimed
Disallowed
Car Expense
$ 536.76
$ 278.33
$ 725.00
$ 307.43
Depreciation on Car
500.00
125.00
250.00
62.50
Contributions
1,018.86
417.56
Business Club Expenses
1,037.65
425.19
766.64
288.53
Medical Expenses
2,332.46
339.32
Miscellaneous Repairs and Services
100.00
100.00
Travel Expenses
3,393.63
3,393.63
3,708.16
2,938.89
Entertainment Expenses
1,292.22
442.45
1,254.59
1,020.50
*5 The above-mentioned items were disallowed for failure of the petitioner to substantiate the amounts claimed. The business expenses were also disallowed on the ground that their business character had not been substantiated. The petitioner is contesting all of these items. The petitioner maintained records of many of his expenditures in his checkbook. Some of petitioner's checks were drawn to named payees but no amount so paid is in question in this case. Some of the expenditures for which the petitioner claimed deductions were represented by checks drawn to cash. The stubs of these checks contained brief notations of the place to which petitioner travelled, the name of a person entertained or some other indication of the nature of the expenditure. On some occasions the use to which the proceeds of the check was to be put was recorded at the time the check was drawn. Frequently, however, the petitioner would make expenditures from money which he had on hand and then reimburse himself shortly thereafter by drawing a check to cash. At the time he drew the check he would note on the stub the expenditures for which he was taking reimbursement. Opinion With regard to the expenses *6 incurred in operating the petitioner's automobile and the depreciation on it, the record is silent. Although the petitioner mentioned these items in his opening statement, he failed to offer any evidence with regard to them. Therefore, the Commissioner's determination must be upheld with respect to them. The record is also silent as to the charitable contributions, business club expenses, medical expenses and miscellaneous repairs and services, except for negligible amounts. Since the Commissioner has allowed substantially more than the amounts proved, he must also prevail on these items. Some of the traveling expenses claimed by the petitioner in each of the years under consideration were recorded on the stubs of checks drawn to cash, all of which were received in evidence. Although these notations may be sufficient to establish the fact that the payments were made, they do not in most instances show their business character. Testimony supplied this information for a small portion of them. , aff'd (C.A. 4, 1959) certiorari denied . We have, however, found that the petitioner *7 had substantial travel expenses in connection with his business in both of the years in question. Thus, applying the principle of (C.A. 2, 1930) we have determined that the amounts of travel expenses were $2,200 for 1956 and $1,500 for 1957. A number of the amounts claimed as entertainment expenses are also shown on the stubs of checks drawn to cash. Here, again, the submitted records did not show the business connection of these expenditures. The petitioner testified with respect to some of these expenses, and his testimony indicated that certain payments were not deductible. Some were for entertainment of persons not sufficiently connected with his business. (July 14, 1961). Others were for entertainment of a public official. . A number of others were for the petitioner's own meals at times when he was not away from home. . However, petitioner's testimony also showed that some of these expenses were deductible. We have found that the petitioner did have entertainment expenses in *8 connection with his business during 1956 and 1957. In applying the principle of , to this item, we believe that the Commissioner has allowed a reasonable amount for 1956, i.e., $849.77. In 1957 the petitioner claimed $1,254.59 for business entertainment, and the Commissioner disallowed $1,020.50 thereof. We hold that $600 is allowable. Finally, we need not consider petitioner's contention that if certain expense deductions are disallowed the amounts he received from clients as reimbursement for these expenditures should be excluded from his gross income, since the record contains no evidence that the petitioner actually received such reimbursement. Decision will be entered under Rule 50.